437 A.2d 1245

**Ari ENOCK, a minor, by his parents and natural guardians, David M. Enock and Marilyn Enock, and David M. Enock and Marilyn Enock, in their own right, Appellants,**

**v.**

**Eleanor S. REIFER and Irwin Reifer.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1981.

Filed Dec. 11, 1981.

Stanley W. Greenfield, Pittsburgh, for appellants.

William C. Walker, Pittsburgh, for appellees.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This action in trespass arises from an automobile accident. The trial judge granted the defendants' motion for a directed verdict. The plaintiffs filed a motion to remove the directed verdict. On March 19, 1980, after argument, the lower court entered an order stating that "plaintiff's [sic] motion to remove the directed verdict is denied and the prothonotary is directed to enter judgment on the directed verdict for the defendants upon payment of the verdict fee." The present appeal is from this order. The appeal must be quashed. The docket discloses that the prothonotary has not entered judgment. Rule 301 of the Pennsylvania Rules of Appellate Procedure provides in pertinent part:

> (a) Entry upon docket below. No order shall be appealable until it has been entered upon the appropriate docket in the lower court.

> .    .    .    .    .    .

> (c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

Rule 301(d) provides that a decision may be reduced to judgment "on praecipe of any party," Pa.R.A.P. 301(d), but here no praecipe was filed.

Quashed.