472 A.2d 706

**Harvey MINICH, individually & Harvey Minich, trading & doing business as Nottingham Heating & Roofing Co., Appellant,**

v.

**CITY OF SHARON, Sharon Redevelopment Authority, Walter H. Mallorie and Eleanor Fiscus.**

Superior Court of Pennsylvania.

Submitted March 29, 1983.

Filed March 9, 1984.

Norman Joseph Barilla, New Castle, for appellant.

William D. Irwin, Sharon, for appellees.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal is from the grant of a counterclaim in an action for replevin. Appellant claims that the court improperly considered a counterclaim not secured by a lien on the property. While appellant is correct in his statement of the law, he has waived his argument through failure to file exceptions. Judgment is, therefore, affirmed.

The relevant procedural history can be briefly summarized.

180

Verdict 9/20/79
Notice of Appeal 10/24/79
Judgment 10/26/79
Notice of Appeal 11/14/79

■ The first item of note here is that, at the time of the 10/24 Notice of Appeal, no judgment had been entered, only a verdict. Our appellate court's jurisdiction is strictly limited by statute and is defined by the final order doctrine. 42 Pa.C.S.A. § 742; Pa.R.A.P. 341 and 105(b). Absent entry of judgment, a verdict is not a final order. See *Straw v. Stands*, 426 Pa. 81, 231 A.2d 144 (1967). From that 10/24 Notice of Appeal this Court did not, therefore, have jurisdiction, due to the absence of a judgment.

■ However, once that judgment is entered, as it was in this case, our jurisdiction is perfected. The Rules of Appellate Procedure provide for a legal fiction—the Notice of Appeal relates forward to the day of the entry of judgment.

... A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.

Pa.R.A.P. 905(a).

Consequently, we have jurisdiction over this case.

The instant action, brought by appellant, was in replevin. Appellee filed a counterclaim. It is from the granting of that counterclaim that this appeal is brought.

■ The fatal waiver occurred when appellant failed to file exceptions "within ten (10) days after notice of the filing of the decision." Pa.R.Civ.P. 1038(d). Indeed, the record does not reveal that exceptions were ever filed. "Matters not covered by exceptions are deemed waived..." *Id.*[1]

Accordingly, we have no choice but to affirm the trial court. Judgment affirmed.

---

1. This rule of civil procedure, normally one applying to actions in assumpsit, is made applicable to actions in replevin by Pa.R.Civ.P. 1071.