Donna RYAN, Executrix of the Estate of R. Bruce Ryan, Deceased, and Donna Ryan, In Her Own Right

v.

GAF CORPORATION, Raymark Industries, Inc., Celotex Corporation, Successor–In–Interest To Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation, Keene Building Products Corp., Eagle–Picher Industries, Inc., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Garlock, Inc., Pittsburgh Corning Corporation, Armstrong World Industries, Inc., Nicolet Industries, Inc., Successor–In–Interest to Keasby & Mattison; Combustion Engineering, Inc., Fibreboard Corporation, Carey–Canada, Inc., Anchor Packing Company, Standard Asbestos Manufacturing and Insulating Company; Flexitallic Gasket Company, General

Electric Company Wire and Cable Products Department, and Marmon Group, Inc., Successor–In–Interest to Cerro Wire & Cable Co., Division of Cerro Marmon Co., and The Rockbestos Company, Inc.

v.

CONTINENTAL WIRE & CABLE CO. and Anaconda Power & Cable

Appeal of OWENS–CORNING FIBERGLAS CORPORATION.

Superior Court of Pennsylvania.

Argued Jan. 12, 1995.

Decided May 16, 1995.

Patrick R. Riley, Pittsburgh, for appellant.

David P. Chervenick, Pittsburgh, for Ryan, appellee.

Before CAVANAUGH, CIRILLO and SAYLOR, JJ.

CAVANAUGH, Judge:

Owens–Corning Fiberglas Corporation ("OCF") appeals from an order which denied its motion for post-trial relief. We remand with instructions.

tion that gives rise to additional summary

charges." Pa.R.Crim.P., Rule 60, 42 Pa.C.S.A.

The procedural history of this case can be summarized as follows. Following a jury trial, a verdict was returned in favor of plaintiffs and against OCF and Owens–Illinois, Inc.[1] Post-verdict motions were filed, but the trial court entered judgment in favor of plaintiffs and against OCF and Owens–Illinois, without first disposing of these motions. Both OCF and Owens–Illinois appealed. On appeal, this Court vacated the trial court's entry of judgment and remanded for consideration of defendants' post-verdict motions. Following remand, the trial court denied defendants' motions, and both OCF and Owens–Illinois appealed. Judgment has not been entered on the jury's verdict.[2]

Recently, in *Johnston the Florist, Inc. v. Tedco Construction Co.*, 657 A.2d 511 (Pa.Super.1995), this Court, sitting en banc, examined the question of the Court's authority to address the merits of an appeal, when that appeal has been taken from an order upon which judgment has not been entered. The Court stated:

> "Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court." *Grove North America v. Arrow Lift [ & Construction Equipment Co., Inc.]*, 421 Pa.Super. 12, 17, 617 A.2d 369, 371 (1992). An appeal from an order denying post-trial motions is interlocutory. Pa.R.A.P. 301(a), (c) and (d). Thus, it follows that an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from an order denying post-trial motions. *Davanzo v. Finelli*, 293 Pa.Super. 70, 437 A.2d 995 (1981). Because the entry of judgment was considered to be a prerequisite to the exercise of this Court's jurisdiction, it was long this Court's policy to quash an appeal from an order upon which judgment had not been entered. *See Basalyga v. Hohensee*, 431 Pa. 191, 245 A.2d 255 (1968); *Enock v. Reifer*, 293 Pa.Super. 141, 437 A.2d 1245 (1981); *Hassler v. Co-*

> *lumbia Gas Transmission Corp.*, 294 Pa.Super. 86, 439 A.2d 762 (1982); *Crosby v. Commonwealth, Dept. of Transp.*, 378 Pa.Super. 72, 548 A.2d 281 (1988), *alloc. den.*, 522 Pa. 576, 559 A.2d 37 (1989).

*Id.* at 514. The Court then went on to hold that where our procedural rules require the entry of judgment, such action is a prerequisite to the exercise of judicial review, and that, in the absence of an entry of judgment, there is no authority for this Court to review the merits of an appeal. *Id.* at 515. Moreover, where the rules require the entry of judgment, and such action has not been taken prior to the filing of an appeal, this Court may take such action as it deems appropriate, including: quashal of the appeal, dismissal of the appeal, or remand of the matter to the lower court so that judgment may be entered. *Id.* at 515 n. 2; Pa.R.A.P. 902 and comment.

In the present case, as noted *supra*, judgment was not entered in the lower court, but rather, OCF filed its appeal from the trial court's order denying OCF's post-trial motions. Thus, OCF was not in compliance with our rules of procedure. Moreover, from our review of the record and the briefs of the parties, it is evident that OCF was aware that entry of judgment was required prior to filing an appeal in this case. As such, we remand this case to the lower court in order that the omitted procedural step, the entry of judgment, may be taken. OCF is directed to enter judgment on the appropriate docket of the lower court within thirty (30) days of this decision, and to forthwith return the record to this Court including certification that judgment has been entered.

Case remanded with instructions. Court and panel jurisdiction retained.

---

1. All of the original defendants, except OCF, Owens–Illinois and Keene Building Products Corp., either settled and/or were dismissed from the case prior to trial. The jury entered a verdict in favor of Keene Building Products Corp. and against plaintiffs.

2. Owens–Illinois is no longer an active litigant in this case, as it subsequently withdrew its appeal.