J-A27030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PECHIN LEASING, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY AND SUCCESSOR IN THE INTEREST TO PECHIN LEASING, INC., A PENNSYLVANIA CORPORATION,<br><br>          Appellant<br><br>          v.<br><br>CURTIS BRUMAGE,<br><br>          Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 1837 WDA 2014 |

Appeal from the Order Entered October 21, 2014
In the Court of Common Pleas of Greene County
Civil Division at Docket No A.D. 314 of 2011

BEFORE:    BOWES, OLSON & STABILE, JJ.

JUDGMENT ORDER BY OLSON, J.:        FILED: January 21, 2016

Appellant, Pechin Leasing, LLC, appeals from the order entered on October 21, 2014. We quash.

As our decision rests solely on the procedural history of this case, we decline to outline the background facts. The procedural history of this case is as follows. On March 28, 2011, Appellant filed the instant declaratory judgment action. Appellant sought a declaration that the lease between it and Curtis Brumage ("Brumage") terminated because Brumage failed to produce oil and gas in paying quantities for an extended period of time.

A non-jury trial was held on December 10, 2013. On October 21, 2014, the trial court returned a decision in favor of Brumage and against

Appellant. The trial court found that the lease between Brumage and Appellant remained valid despite the lack of production in 2009 and 2010. This timely appeal followed. In this appeal, Appellant raises ten issues, generally arguing that the trial court erred in its rulings on motions in *limine*, findings of fact, and conclusions of law. **See** Appellant's Brief at 3-5.

Although no party raises the issue of jurisdiction, "we may nevertheless raise the issue [] *sua sponte*." **Commonwealth v. Blystone**, 119 A.3d 306, 311 (Pa. 2015) (footnote and citation omitted). "As a general rule, this Court has jurisdiction only over appeals taken from final orders." **Angelichio v. Myers**, 110 A.3d 1046, 1048 (Pa. Super. 2015) (citation omitted).[1] "Absent entry of judgment, a verdict[, or decision,] is not a final order." **Minich v. City of Sharon**, 472 A.2d 706, 707 (Pa. Super. 1984). In this case, judgment has not been entered in favor of Brumage. Instead, only the trial court's decision was entered on the trial court's docket.

As this Court has stated:

[W]here the rules require the entry of judgment, and such action has not been taken prior to the filing of an appeal, this Court may take such action as it deems appropriate, including: quashal of the appeal, dismissal of the appeal, or remand of the matter to the lower court so that judgment may be entered.

**Ryan v. GAF Corp.**, 665 A.2d 843, 844 (Pa. Super. 1995). Typically, we would remand this case to the trial court and permit the parties to praecipe

---

[1] This case does not involve "an attachment, custodianship, receivership[,] or similar matter affecting the possession or control of property[.]" Pa.R.A.P. 311(a)(2); **see Jerry Davis, Inc. v. Nufab Corp.**, 677 A.2d 1256, 1259 (Pa. Super. 1996) (discussing the scope of Rule 311(a)(2)).

for entry of judgment. *See* Pa.R.C.P. 227.4. In this case, however, Appellant has waived all of its issues on appeal.

Pennsylvania Rule of Civil Procedure 227.1 provides, in relevant part that, "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c)(2). "Failure to raise an issue in a post-trial motion waives appellate review of the claim." *Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672, 682 (Pa. Super. 2014) (citation omitted). The post-trial motion requirement applies to declaratory judgment actions when the action is tried before a jury, a judge, or on stipulated facts. *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 962-965 (Pa. 2003); *Gibraltar Rock, Inc. v. New Hanover Twp.*, 118 A.3d 461, 464 (Pa. Cmwlth. 2015) ("Significantly, a litigant is required to file a post-trial motion following the entry of a decision/decree in a declaratory judgement action regardless of whether the case is decided on stipulated facts, after a bench trial, or some combination of both."). In this case, Appellant failed to file a post-trial motion. As such, Appellant waived all ten issues raised on appeal. In the interest of judicial economy, instead of remanding this matter, retaining jurisdiction, and then finding all issues waived upon return of the case to this Court, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/21/2016</u>