J-S91042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENNSYLVANIA WINDPOWER, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID M. FEDAK | : | |
| | : | |
| Appellant | : | No. 787 MDA 2016 |

Appeal from the Order April 20, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2007-13100

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS[*], P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 27, 2017**

Appellant, David M. Fedak ("Fedak"), appeals from the April 20, 2016, order, entered after a bench trial, granting Appellee, Pennsylvania Windpower, Inc.'s ("PA Windpower"), request for specific performance to execute an easement pursuant to a written option agreement between the parties. For the following reasons, we quash the appeal.

The relevant facts and procedural history are as follows: On November 13, 2007, PA Windpower, a company engaged in the development of a windfarm, initiated the instant action by filing a complaint against Fedak alleging a breach of a December 5, 2005, written option agreement whereby PA Windpower was granted the option to obtain a nonexclusive easement

_____
* Former Justice specially assigned to the Superior Court.

over Fedak's land located in Bear Creek Township, PA. PA Windpower alleged that, pursuant to the terms of the agreement, it timely exercised its option; however, Fedak refused to execute the easement agreement. PA Windpower averred Fedak's refusal constituted a breach of the parties' December 5, 2005, written option agreement and that monetary damages alone would be insufficient to remedy the breach. Accordingly, PA Windpower sought specific performance, as well as attorneys' fees.

On December 10, 2007, Fedak filed preliminary objections to PA Windpower's complaint, and by order filed on February 6, 2008, the trial court denied and dismissed Fedak's preliminary objections. Fedak filed a motion seeking reconsideration and/or certification of the interlocutory order for appellate review; however, by order filed on February 14, 2008, the trial court denied the motion.[1]

On May 12, 2008, Fedak filed an answer with new matter and a counterclaim. With regard to the counterclaim, Fedak alleged that PA Windpower breached the December 5, 2005, written option agreement by significantly changing the original project layout, *i.e.*, changing the location of the proposed access routes, transmission lines, and substation. Fedak averred the alterations materially changed the scope of the contemplated

---

[1] Fedak filed with this Court a petition for review; however, by order filed on April 22, 2008, we denied the petition for review. **See Pennsylvania Windpower, Inc. v. Fedak**, 12 MDM 2008 (Pa.Super. filed 4/22/08) (*per curiam* order).

agreement. PA Windpower filed an answer to Fedak's new matter and counterclaim.

On October 30, 2014, Fedak filed a motion for summary judgment seeking dismissal of PA Windpower's complaint on the basis of failure to join indispensable parties. Fedak also sought summary judgment specifically as to PA Windpower's claim of attorneys' fees. PA Windpower filed an answer in opposition to the summary judgment motion. By order and opinion entered on March 23, 2015, the trial court denied, in part, and granted, in part, Fedak's motion for summary judgment. Specifically, the trial court denied Fedak's motion for summary judgment as it related to PA Windpower's failure to join indispensable parties, but granted Fedak's motion for summary judgment as it related to PA Windpower's claim for attorneys' fees.

On March 29, 2016, the matter proceeded to a non-jury trial. By order and opinion entered on April 20, 2016, the trial court "upon consideration of the testimony and exhibits presented at the non-jury trial. . .GRANT[ED] PA Windpower['s] [ ] request for specific performance against [ ] Fedak to execute the easement[.]" Trial Court Order, filed 4/20/16 (capitalization in original).[2] On May 17, 2016, Fedak filed a notice of appeal to this Court. Thereafter, the trial court directed Fedak to file a Pa.R.A.P. 1925(b)

---

[2] The certified docket entries reveal that the Prothonotary mailed the order to Fedak in accordance with Pa.R.C.P. 236.

- 3 -

statement, Fedak timely complied, and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

In this appeal, Fedak contends (1) the trial court erred in denying his motion for summary judgment as it pertains to PA Windpower's failure to join indispensable parties, and (2) the trial court erred in granting PA Windpower's request for specific performance following the non-jury trial where the parties' agreement was not clear, unambiguous, or uncertain.

Preliminarily, we must consider whether this appeal is properly before us. *See Commonwealth v. Blystone*, --- Pa. ---, 119 A.3d 306 (2015) (noting that issues of jurisdiction may be raised by the appellate court *sua sponte*). "As a general rule, this Court has jurisdiction only over appeals taken from final orders."[3] *Angelichio v. Myers*, 110 A.3d 1046, 1048 (Pa.Super. 2015) (citation omitted). "Absent entry of judgment, a verdict[, or decision,] is not a final order." *Minich v. City of Sharon*, 472 A.2d 706, 707 (Pa.Super. 1984). In this case, judgment has not been entered in favor

---

[3] Generally, this Court may reach the merits of an appeal taken from (1) a final order or an order certified as final by the trial court (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312); or (4) a collateral order (Pa.R.A.P. 313). In the case *sub judice*, Fedak mistakenly suggests that he is appealing from a final order under Pa.R.A.P. 341. *See* Fedak's Brief at 1. In any event, the trial court's order has not been certified as final and Fedak has not sought permission to appeal the interlocutory order. Moreover, there is no indication the order is appealable as of right under Pa.R.A.P. 311 or qualifies as a collateral order under Pa.R.A.P. 313.

of PA Windpower; but rather, only a trial court order and opinion is entered on the docket.

As this Court has recognized:

[W]here the rules require the entry of judgment, and such action has not been taken prior to the filing of an appeal, this Court may take such action as it deems appropriate, including quashal of the appeal, dismissal of the appeal, or remand of the matter to the lower court so that judgment may be entered.

*Ryan v. GAF Corp.*, 665 A.2d 843, 844 (Pa.Super. 1995) (citations omitted). *See* Pa.R.C.P. 227.4. Typically, we would take one of the actions set forth in *Ryan*, *supra* so that judgment may be entered in the court below; however, in this case, Fedak has waived all of his issues on appeal.

Our Rules of Civil Procedure provide that "[p]ost-trial motions shall be filed within ten days after. . .the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c)(2). In civil cases governed by this Rule, the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. *See Sovereign Bank v. Valentino*, 914 A.2d 415 (Pa.Super. 2006). Accordingly, "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *Id.* at 426 (quotation marks and quotations omitted). Our Supreme Court has held this requirement applies to trial court orders entered following a trial in both actions at law and in equity. *See Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491 (2002). In *Chalkey*, the Supreme Court explained that "[t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to

correct errors in its ruling and avert the need for appellate review."
***Chalkey***, 569 Pa. at 467 n.9, 805 A.2d at 494 n.9. "Accordingly, '[the Superior] Court has consistently quashed appeals from orders or verdicts following non-jury trials when no post-trial motions were filed.'" ***Warfield v. Shermer***, 910 A.2d 734, 737 (Pa.Super. 2006) (quoting ***Diamond Reo Truck Co. v. Mid–Pacific Industries, Inc.***, 806 A.2d 423, 428 (Pa.Super. 2002) (citation omitted)).

In the case *sub judice*, Fedak failed to file a post-trial motion, and thus, he has waived his issues on appeal. Accordingly, in the interest of judicial economy, instead of quashing, dismissing, or remanding to permit the entry of judgment, and then finding all issues waived upon return of the case to this Court, we quash on the basis that Fedak has failed to preserve his issues for appeal.[4]

Appeal Quashed.

---

[4] We note that Fedak presented his two appellate issues in his court-ordered Pa.R.A.P. 1925(b) statement. However, this Court has held that the filing of a Pa.R.A.P. 1925(b) statement does not excuse the failure to file post-trial motions and does not revive issues that have been waived for failing to file post-trial motions. ***See Diamond Reo Truck Co.***, ***supra***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/27/2017