J-A21025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MULTICULTURAL WELLNESS CENTER, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3431 EDA 2018 |
| TIPICO RESTAURANT | : | |

Appeal from the Order Entered October 31, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 170702194

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:　　　　　Filed:  March 25, 2020

Appellant, Multicultural Wellness Center, Inc., appeals from the order entered on October 31, 2018 denying Appellant's motion for the removal of nonsuit that was entered in favor of Appellee, Tipico Restaurant ("Tipico") on October 16, 2018.  Upon review, we remand with instructions.

We briefly summarize the relevant factual and procedural history of this case as follows.  On May 30, 2017, Appellant filed a landlord/tenant complaint against Tipico in Philadelphia municipal court.  The municipal court entered judgment for Tipico on June 2, 2017 and Appellant appealed to the Philadelphia Court of Common Pleas ("trial court") on July 21, 2017.  Following various continuances and the filing of three amended complaints, Appellant alleged two causes of action against Tipico – breach of contract and unjust enrichment.  A bench trial commenced on September 17, 2018 wherein

Appellant presented three witnesses and then rested. At the start of the second day of trial, on October 2, 2018, Tipico orally moved for compulsory nonsuit, which the trial court granted. On October 12, 2018, Appellant filed a motion for reconsideration to remove the nonsuit.[1] The trial court denied reconsideration on October 31, 2018. Upon review of the certified record, however, neither order directed that judgment be entered in favor Tipico. On November 14, 2018, Appellant filed a notice of appeal purporting to appeal from the denial of the motion to remove nonsuit.

Although no party raises the issue of jurisdiction, "we may nevertheless raise the issue [ ] *sua sponte*." **Commonwealth v. Blystone**, 119 A.3d 306, 311 (Pa. 2015) (footnote and citation omitted). "As a general rule, this Court has jurisdiction only over appeals taken from final orders." **Angelichio v. Myers**, 110 A.3d 1046, 1048 (Pa. Super. 2015) (citation omitted). "Absent entry of judgment, a verdict[ or judicial decision,] is not a final order." **Minich v. City of Sharon**, 472 A.2d 706, 707 (Pa. Super. 1984); **see also Prime Medica Associates v. Valley Forge Ins. Co.**, 970 A.2d 1149 (Pa. Super. 2009) ("orders denying post-verdict motions are interlocutory and unappealable until the entry of a valid final judgment"). In this case, judgment has not been entered in favor of Tipico. Instead, the trial court's order granting nonsuit and subsequent order denying removal of the nonsuit were entered on the trial court's docket. "[I]n a case where nonsuit was

---

[1] The trial court docketed its order granting the compulsory nonsuit on October 16, 2018, two weeks after granting Tipico's oral motion in open court.

entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit." ***Billig v. Skvarla***, 853 A.2d 1042, 1048 (Pa. Super. 2004).

As this Court has stated:

> [W]here the rules require the entry of judgment, and such action has not been taken prior to the filing of an appeal, this Court may take such action as it deems appropriate, including: quashal of the appeal, dismissal of the appeal, or remand of the matter to the lower court so that judgment may be entered.

***Ryan v. GAF Corp.***, 665 A.2d 843, 844 (Pa. Super. 1995). Typically, we remand to the trial court and permit the parties to praecipe for entry of judgment. ***See*** Pa.R.C.P. 227.4.   Pursuant to this Court's policy, we direct Appellant to praecipe the trial court Prothonotary to enter final judgment on the verdict and to file with the Prothonotary of this Court, within 20 days of the filing date of this judgment order, a certified copy of the trial court docket reflecting the entry of judgment.  Upon compliance with Pa.R.A.P. 301, pertaining to final orders, the notice of appeal previously filed in this matter will be treated as filed on the date of entry of final judgment.  ***See*** Pa.R.A.P. 905(a)(5). Failure to comply with this Court's directives may result in the dismissal of this appeal without further notice. ***See Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511 (Pa. Super. 1995) (stating this Court has no authority to review merits of appeal when parties refuse to enter judgment). Accordingly, we remand the matter for entry of judgment and retain panel jurisdiction.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/25/20</u>