J-S15027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HAROLD E. CARR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD K. MICHUCK | : | No. 1562 WDA 2019 |

Appeal from the Order Dated September 19, 2019
In the Court of Common Pleas of Elk County Civil Division at No(s): No.
2013-591

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 14, 2020**

Appellant, Harold E. Carr, appeals from the September 19, 2019 order denying his petition for leave to file a post-trial motion *nunc pro tunc*. We quash.

The record reveals that on July 5, 2013, Appellant filed a complaint in ejectment against Richard K. Michuck ("Michuck") seeking title to a triangular portion of land and use of a 10-foot right-of-way. The trial court summarized the factual history of this case as follows:

> [Appellant] and [Michuck] own adjoining parcels of land on the north side of [South] Michael [Road] in the city of St. Marys, Elk County, Pennsylvania. At issue is the common boundary on the easterly margin of [Appellant's] parcel and the westerly margin of [Michuck's] parcel. [Appellant] claims ownership to a triangular parcel of land along the aforesaid boundary by virtue of what [Appellant] alleges to be an erroneous call of 36° rather than 38° [in the boundary description]. [Appellant] claims that his correct

_____

* Former Justice specially assigned to the Superior Court.

boundary description is set forth in a "recent survey by Curry & Associates", and sets forth the survey description at paragraph 5 of the complaint. [Appellant] alleges in paragraph 6 [of the complaint,] "The erroneous calls of 'North 36° East' and 'South 36° West' in [Appellant's] deed has resulted in an overlap of [Appellant's] eastern boundary and [Michuck's] western boundary[.]

Trial Court Opinion, 10/6/15, at unnumbered pages 1-2. For ease of understanding, a depiction of the property in question is reproduced *infra*.



An amended complaint was filed January 23, 2014, to which Michuck filed preliminary objections in the nature of *demurrers*. Appellant subsequently filed a second amended complaint. Michuck filed preliminary objections in the nature of *demurrers* to Appellant's second amended complaint. On October 6, 2015, the trial court overruled Michuck's preliminary objections and directed Michuck to file an answer to Appellant's second amended complaint within 20 days. A non-jury trial was held on February 15, 2017.

On July 15, 2019, the trial court entered a verdict in favor of Michuck and dismissed Appellant's second amended complaint with prejudice. Appellant did not file a post-trial motion and neither party filed a *praecipe* for entry of judgment. On August 14, 2019, Appellant appealed the July 15, 2019 verdict.

Appellant's notice of appeal was docketed with this Court at 1251 WDA 2019. In an August 23, 2019 *per curiam* order, this Court determined that Appellant waived all issues on appeal because he failed to file a post-trial motion. Consequently, this Court dismissed Appellant's appeal *sua sponte* without prejudice to seek permission from the trial court to file a post-trial motion *nunc pro tunc*.

On August 28, 2019, Appellant filed a motion for leave to file a post-trial motion *nunc pro tunc.* On September 19, 2019, the trial court denied Appellant's motion to file a post-trial motion *nunc pro tunc*. Appellant appealed the September 19, 2019 order. The trial court ordered Appellant to

file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion on December 18, 2019.

Appellant raises the following issue for our review:

Did the trial court abuse its discretion and commit an error of law when it denied Appellant's motion for leave to file [a] post-trial motion *nunc pro tunc* and simultaneously granted [Michuck's] motion to strike:

(a) without holding any hearing or argument despite the request of both parties that it do so;

(b) without providing an opportunity for Appellant to respond in any way to [Michuck's] motion to strike;

(c) without resolving factual disputes as to when the order of July 15, 2019, was actually received by Appellant's then counsel of record;

(d) despite the fact that counsel has at all times moved expeditiously and without delay to bring claimed errors to the trial court's attention;

(e) despite the fact that the [trial c]ourt's July 15, 2019[] opinion fails to clearly settle the respective and continuing property rights of either party and may well impact the property rights of others; and

(f) for the reasons set forth in paragraphs 9, 10, 12, 13, 14 and 16 of Appellant's motion for leave to file [a] post-trial motion *nunc pro tunc*[?]

Appellant's Brief at 4 (extraneous capitalization omitted).

Preliminarily, we must determine whether this appeal invoked the jurisdiction of this Court. *Fernandes v. Warminster Mun. Auth.*, 442 A.2d 1174 (Pa. Super. 1982) (holding issue of jurisdiction may be raised *sua sponte*). An appeal may only be taken upon entry of judgment because the

order entering a verdict in favor of one party is not a final order. ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*) (stating, entry of judgment is prerequisite to exercise of this Court's jurisdiction); ***see also Reuter v. Citizens & Northern Bank***, 599 A.2d 673, 676 (Pa. Super. 1991) (stating, "verdict in a non-jury trial is not appealable until the entry of judgment on the verdict"). "In the absence of an entry of judgment, there is no authority for this Court to review the merits of an appeal." ***Ryan v. GAF Corp.***, 665 A.2d 843, 844 (Pa. Super. 1995) (citation omitted). Where there has been no entry of judgment, upon appeal, this Court may quash the appeal or remand the matter to the trial court for entry of judgment. ***Id.*** (citations omitted); ***see also Fernandes***, 442 A.2d at 1174 (stating, when no judgement entered, appeal must be quashed).

Here, a review of the record reveals that a judgment on the non-jury verdict was not entered. Therefore, this Court is without jurisdiction in the instant appeal, and we are constrained to quash this appeal.[1]

Appeal quashed.

---

[1] Moreover, because judgment on the non-jury verdict was never entered, this Court lacked jurisdiction over the prior appeal. It was error, therefore, for this Court to dismiss Appellant's prior appeal *sua sponte* for failure to preserve the issues for appellate review through post-trial motion practice. Given the procedural posture of the instant case, the prior appeal should have been quashed for lack of jurisdiction. To perfect jurisdiction before this Court, Appellant needs to file a *praecipe* for entry of judgment. ***See*** Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2020