J-S15009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SIMEON ROBINSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BEST BUY IN TOWN, INC., BRAD | : | No. 2680 EDA 2025 |
| MENAKER, KEVIN SAHL, GINA WATT, | : | |
| AND SHAYNA SCOTT | : | |

Appeal from the Order Entered October 9, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230403048

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED JUNE 2, 2026**

Appellant, Simeon Robinson, appeals *pro se* from the order entered on October 9, 2025, which denied his motion for leave to appeal *nunc pro tunc*. We quash this appeal.

On April 27, 2023, Appellant filed a *pro se* complaint against Best Buy in Town, Inc., Brad Menaker, Kevin Sahl, Gina Watt, and Shayna Scott (hereinafter "Defendants").  Within the complaint, Appellant averred that, in May 2021, he purchased a vehicle from defendant Best Buy in Town.  He alleged that, during this purchase, the Defendants acted dishonestly and fraudulently, misrepresented material terms of the agreement, and committed a breach of contract.  *See* Appellant's Complaint, 4/27/23, at 1-86.

_____

[*] Former Justice specially assigned to the Superior Court.

The case proceeded to a bench trial on December 4, 2024, where Appellant represented himself. At the conclusion of the trial, the trial court found in favor of the Defendants and against Appellant. *See* N.T. Trial, 12/4/24, at 147.

Following the trial court's decision, Appellant did not file a post-trial motion and judgment has not been entered on the docket. Further, Appellant did not attempt to file a notice of appeal from the trial court's non-jury determination. Instead, on September 11, 2025, Appellant filed a motion for leave to appeal *nunc pro tunc* (hereinafter "Appellant's Motion"). Within Appellant's Motion, Appellant claimed that he was entitled to file a notice of appeal *nunc pro tunc* because a breakdown in the operation of the trial court deprived him of his ability to file a timely notice of appeal. *See* Appellant's Motion, 9/11/25, at 2. The trial court denied Appellant's Motion on October 9, 2025 and Appellant filed a notice of appeal from this order.

Prior to reaching the merits of this appeal, this Court must "first ascertain whether the [order appealed from] is properly appealable." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). Indeed, since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court *sua sponte*." ***Commonwealth v. Baio***, 898 A.2d 1095, 1098 (Pa. Super. 2006).

Generally, this Court's jurisdiction "extends only to review of final orders." ***Rae v. Pa. Funeral Dir's Ass'n***, 977 A.2d 1121, 1124-1125 (Pa. 2009); 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). "Typically, a final order disposes

of all claims and all parties." ***Chilutti v. Uber Techs., Inc.***, 349 A.3d 826, 831 (Pa. 2026); ***see also*** Pa.R.A.P. 341(b)(1). "The final order rule reflects the long-held limitation on review by both federal and State appellate courts. Considering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency." ***Chilutti***, 349 A.3d at 831 (quotation marks, citations, and corrections omitted). Importantly, "a verdict is not a final order." ***Minich v. City of Sharon***, 472 A.2d 706, 707 (Pa. Super. 1984). Instead, a verdict or a decision in a non-jury trial "is not appealable until the entry of judgment." ***See id.***; ***see also Reuter v. Citizens & N. Bank***, 599 A.2d 673, 675-676 (Pa. Super. 1991).

In the case at bar, Appellant filed a motion for leave to appeal *nunc pro tunc*, despite the fact that judgment has not been entered on the trial court's decision and, thus, a final order has not been entered in this case. ***See Reuter***, 599 A.2d at 675-676. Given the absence of a final, appealable order in this case, the trial court's October 9, 2025 order – denying Appellant's motion for leave to appeal *nunc pro tunc* – is interlocutory and unappealable.[1]

_____

[1] Pennsylvania Rule of Appellate Procedure 905(a)(5) allows this Court to treat a "notice of appeal filed after the announcement of a determination but before the entry of an appealable order" as "filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Moreover, this Court has considered the merits of appeals where a party mistakenly failed to *praecipe* for entry of judgment – and simply filed an appeal from the order denying the post-trial motion. ***See***, ***e.g.***, ***Mackall v. Fleegle***, 801 A.2d 577, 580-581 (Pa. Super. 2002) (where the appeal was taken from the order denying post-trial motions and
*(Footnote Continued Next Page)*

where neither party *praeciped* for the entry of judgment, this Court concluded that we would "regard as done that which ought to have been done" and, in the interest of judicial economy, we considered the merits of the appeal). As we explained:

> Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court. An appeal from an order denying post-trial motions is interlocutory. An appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions.
>
> However, in ***Bonavitacola v. Cluver***, 619 A.2d 1363 (Pa. Super. 1993), a panel of this Court allowed an appeal to proceed, despite the fact that there was no judgment entered, in the interest of judicial economy. The reasoning behind this decision was that if the order from which an appeal is taken "was clearly intended to be a final pronouncement on the matters discussed in the opinion [accompanying the order], . . . the appeal is properly before us and . . . we have jurisdiction to address the parties' claims." [***Bonavitacola***, 619 A.2d at 1367.]
>
> As our Court explained in ***Bonavitacola***, "[t]he rationale behind treating this appeal as one from an entered judgment is to allow the appeal which is in progress to proceed, economizing judicial resources. Were we to quash an appeal from an order which, except for the entry of judgment, is otherwise final, we would expend judicial resources in the decision to quash, one of the parties would inevitably *praecipe* the prothonotary to enter judgment, and a subsequent appeal would be permitted to follow." [***Id.***]
>
> Nevertheless, "the law of this Commonwealth has long recognized that the entry of judgment is a jurisdictional matter. The requirement that judgment be docketed is jurisdictional. Moreover, the entry of judgment is a prerequisite to our exercise of jurisdiction. On the other hand there are some instances wherein a party has failed to enter judgment and our appellate courts may regard as done that which ought to have been done." [***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514-515 (Pa. Super. 1995)].

*(Footnote Continued Next Page)*

Further, we note that Appellant can always file a timely notice of appeal following the entry of judgment, although the preservation of any appealable issues will be hampered by the fact that Appellant failed to file a timely post-trial motion.

Appeal quashed.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/2/2026

_____

***Mackall***, 801 A.2d at 580 (some quotation marks and citations omitted).

The principles that allowed the ***Mackall*** Court to consider the merits of the appeal absent judgment do not apply to the case at bar, however, as Appellant is appealing from an interlocutory order denying his motion for leave to appeal *nunc pro tunc* – and **not** from an order that "was clearly intended to be a final pronouncement on the matters" under consideration. ***See id.***, *quoting* ***Bonavitacola***, 619 A.2d at 1367. As such, we are required to quash this appeal.