J-A10010-22

2022 PA Super 109

| GLEN L. JENKINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARAH BRITTANY ROBERTSON | : | No. 1125 MDA 2021 |

Appeal from the Judgment Entered July 30, 2021
In the Court of Common Pleas of Centre County
Civil Division at No(s):  20-0037

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

OPINION BY PANELLA, P.J.:                **FILED: JUNE 13, 2022**

Glen L. Jenkins appeals from the judgment entered in favor of Sarah Brittany Robertson in a landlord/tenant dispute. We conclude we lack jurisdiction as the judgment is void for having been entered prematurely. We therefore quash the appeal with instructions.

In 2019, Jenkins initiated this action against Robertson, who leased a residence from Jenkins, for unpaid rent and other expenses. The magisterial district judge held a hearing, at which Robertson failed to appear. Thereafter, the district judge found in favor of Jenkins. Robertson filed a timely *de novo* appeal to the Court of Common Pleas of Centre County, and a praecipe to enter a rule to file a complaint. Subsequently, Jenkins filed a complaint against Robertson, seeking $823.62 for unpaid rent, fees, and damages. Robertson filed an answer.

The matter was then scheduled for arbitration on August 4, 2020. The arbitration was continued numerous times and was ultimately re-scheduled for July 23, 2021. However, on July 21, 2021, Jenkins requested a continuance of the arbitration to ensure his Covid-19 vaccinations were fully effective and based upon the cancellation of a court reporter and a delay in receiving zoning records for the hearing.[1] The court denied the continuance request prior to the scheduled arbitration.[2]

Nonetheless, Jenkins failed to appear at the July 23, 2021 arbitration hearing. Pursuant to Centre County Local Rule 1303,[3] the matter was

_____

[1] This continuance request was not docketed until August 20, 2021.

[2] Notably, the denial of the continuance request was not entered in the record. The trial court affirmed that Jenkins was aware of the denial prior to the arbitration, and that an order denying the continuance was not necessary. *See* Trial Court Opinion, 10/27/21, at 2, 3.

[3] Local Rule 1303(a) provides guidelines for orders scheduling an arbitration hearing:

> **(a) Notice.** Pursuant to Pa.R.Civ.P. 1303, Court Administration, or its designee, shall give to the parties or their attorneys of record and the assigned judge at least thirty (30) days notice in writing of the date, time and place of the arbitration hearing.
>
> (1)  The written notice of hearing shall include the following statement:
>
> This matter will be heard by a board of arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a

*(Footnote Continued Next Page)*

immediately transferred to the trial court, and the same day, the court proceeded to a non-jury trial. Due to Jenkins's absence, the trial court entered a verdict in favor of Robertson. As part of the order, the trial court further stated that Jenkins "has no right to a trial *de novo* or appeal from this decision to the Court of Common Pleas. The parties have the right to appeal to the Superior Court of Pennsylvania within thirty (30) days of this decision." Order, 7/30/21. The trial court also entered judgment in favor of Robertson on July 30, 2021. Jenkins filed a timely notice of appeal.

On appeal, Jenkins raises the following questions for our review:

1. Did the Trial Court commit an error of law when it [o]rdered that [Jenkins] had no right to a *de novo* hearing?

2. Did the Trial Court commit an error of law when it did not provide any docketed ruling on [Jenkins's] continuance request filed per local rule on July 21, 2021?

3. Did the Trial Court commit an error of law when it only gave [Jenkins] 23 days to appeal to the Superior Court when the Pennsylvania Rules of Court provides for 30 days?

4. Did the Trial Court commit a mistake when it indicated in its order that [Jenkins] had failed to contact the court prior to [the] hearing, when there is evidence in the record that [Jenkins] had in fact contacted the Court?

5. Did the Trial Court commit an error of law when it provided no formal ruling on [Jenkins's] Continuance Request?

_____

decision entered by a judge. A hearing under the provision of this notice shall be heard by a Judge if his/her schedule so permits.

Centre County Local Rule 1303(a). Here, the written notice of the arbitration hearing included the information required by Rule 1303(a).

6. Did the Trial Court abuse its discretion when it denied [Jenkins's] continuance request, when the reason for the request was medical?

Brief for Appellant at 7.

Before we address the merits of Jenkins's claims, we must determine whether we have jurisdiction to consider this appeal in light of the trial court's entry of the order and judgment in favor of Robertson on the same day. **See A.A. v. Glicken**, 237 A.3d 1165, 1168 (Pa. Super. 2020) (noting that this Court may raise the issue of its jurisdiction *sua sponte*); **see also Zitney v. Appalachian Timber Prod., Inc.**, 72 A.3d 281, 285 (Pa. Super. 2013) (stating the well-established rule that "the entry of judgment is a jurisdictional matter") (citation omitted). In effect, we must determine whether Jenkins was required to file a post-trial motion to preserve his issues on appeal, and if so, whether the entry of the judgment was premature because Jenkins was not afforded the requisite ten days to file such a motion.

Here, Jenkins failed to appear for the scheduled arbitration on July 23, 2021, and pursuant to Local Rule 1303(a) and Pa.R.C.P. 1303, his case was transferred to the trial court on the same date. **See** Centre County Local Rule 1303(a); **see also** Pa.R.C.P. 1303, Note (stating that if a party is not present at the arbitration hearing, "[i]t is within the discretion of the court whether it should hear the matter or whether the matter should proceed in arbitration. If the court is to hear the matter, it should be heard on the same date as the scheduled arbitration hearing"). The trial court held a non-jury trial, and after

- 4 -

noting that Jenkins failed to appear, entered a verdict in favor of Robertson. *See* N.T., 7/23/21, at 3; *see also* Order, 7/30/21.

In effect, the trial court entered a nonsuit based upon Jenkins's failure to appear. *See* Pa.R.C.P. 1303, Note ("In hearing the matter, the trial court may take action not available to the arbitrators, including the entry of a nonsuit if the plaintiff is not ready"); *see also* Pa.R.C.P. 218, Note ("The mere failure to appear for trial is a ground for the entry of a nonsuit"). The trial court docketed the order on July 30, 2021. The dockets contain a statement that notice of the order was provided to the parties on the same day. *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999). Under the Rules of Civil Procedure, Jenkins had ten days to file post-trial motions after he was provided notice of the nonsuit. *See* Pa.R.C.P. 227.1(c)(2).

However, the judgment was entered simultaneously with the entry of the trial court's order and before the ten-day period for filing a post-trial motion had expired. As the judgment was filed simultaneously with the verdict, the judgment was premature and therefore void. *See Moore v. Quigley*, 168 A.2d 334, 336 (Pa. 1961) ("The judgment, having been entered before the time for filing a new trial motion had expired, is void and of no legal effect."); *see also* Pa.R.C.P. 227.4(1)(a) (stating the prothonotary must, upon praecipe of a party, enter judgment upon a nonsuit by the trial court if no **timely** post-trial motion is filed). Accordingly, the failure to enter a lawful judgment leaves this Court without jurisdiction to decide this appeal.

We note, for the sake of clarity, that **Lenhart v. Cigna Cos.**, 824 A.2d 1193 (Pa. Super. 2003), is procedurally distinct from this case. In **Lenhart**, the trial court filed a non-jury verdict against the defendant insurance company, and on the same day, filed a memorandum indicating "judgment" was entered against the insurer. **See id.** at 1194. Forty-five days later, the insurer filed a notice of appeal, which this Court ultimately quashed because the insurer had failed to file post-trial motions to preserve its issues. **See id.**

The insurer subsequently sought the right to file post-trial motions *nunc pro tunc*. **See id.** at 1194-95. The trial court denied the insurer's motion and subsequently entered judgment against the insurer. **See id.** at 1195. The insurer appealed, arguing the trial court had abused its discretion because the insurer reasonably believed it had no right to file post-trial motions after the trial court had entered judgment on the non-jury verdict. **See id.** at 1195. This Court affirmed the order denying *nunc pro tunc* relief, noting that, among other considerations, if the insurer had truly believed the judgment entered by the court on the same day of the verdict was valid, it would have filed an appeal within thirty days, instead of forty-five days. **See id.** at 1197 n.4.

Here, Jenkins has not sought *nunc pro tunc* relief, but instead filed an appeal from the premature judgment. Under **Moore**, that judgment is void. Therefore, there is no final, appealable judgment in this case. **See Fanning v. Davne**, 795 A.2d 388, 391 (Pa. Super. 2002) ("the entry of judgment is a prerequisite to our exercise of jurisdiction").

To correct the trial court's error in entering judgment prematurely, we grant Jenkins ten days from the date of this opinion to file any post-trial motions.

Appeal quashed with instructions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/13/2022