J-A09028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| BENJAMIN D. HOSLER AND DAWN R. HOSLER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY L. TWEEDLIE AND SUSAN M. TWEEDLIE | : | No. 2 MDA 2022 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered December 2, 2021
In the Court of Common Pleas of Juniata County Civil Division at No(s):
2016-00265

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                **FILED: JULY 25, 2023**

Appellants, Gary L. Tweedlie and Susan M. Tweedlie, husband and wife, (collectively, "Appellants") appeal from the December 2, 2021 order entered in the Court of Common Pleas of Juniata County, denying Appellants' motion for post-trial relief.  We remand this case with instructions.

A summary of the pertinent procedural posture is as follows.  On June 29, 2021, the trial court, upon conclusion of a non-jury trial, issued a verdict awarding judgment in favor of Benjamin D. Hosler and Dawn R. Hosler, husband and wife, (collectively, "Hosler") and against Appellants in the amount of $49,879.87.[1]  In its June 29, 2021 verdict, the trial court "direct[ed]

_____

[1] The verdict followed a complaint Hosler filed against Appellants, alleging causes of action for breach of contract, fraud, and a violation of the Real Estate Seller Disclosure Law ("RESDL"), 68 Pa.C.S.A. §§ 7301 - 7315, based upon

and order[ed] the prothonotary to enter judgment in favor of [Hosler] and against [Appellants] in the amount of $49,879.87." Trial Court Order, 6/29/21 (extraneous capitalization omitted). That same day, the prothonotary entered judgment in favor of Hosler and against Appellants in the amount of $49,879.87. *See* Trial Court Docket, at 6/29/21 Entry.

On July 9, 2021, Appellants filed a motion for post-trial relief seeking judgment *non obstante veredicto* ("JNOV"). Appellants filed a brief in support of their motion for post-trial relief on October 8, 2021. On November 22, 2021, Hosler filed a brief in opposition to Appellants' motion for post-trial relief. On December 2, 2021, the trial court denied Appellants' request for JNOV and "confirm[ed] its order entering judgment in favor of [Hosler] and against [Appellants] in the amount of $49,879.87." Trial Court Order, 12/2/21 (extraneous capitalization omitted). This appeal followed.[2]

Appellants raise the following issues for our review:

1.  Did the trial court err and abuse its discretion when there was legally insufficient evidence for a verdict of breach of contract as to [Appellants], where there was an express contractual release upon waiver of inspection rights?

2.  Did the trial court err and abuse its discretion when there was legally insufficient evidence for a verdict of fraud by [Appellants]?

_____

the sale of real property by Appellants to Hosler. Trial Court Decision and Order, 6/29/21, at 1, 4.

[2] Both Appellants and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

3. Did the trial court err and abuse its discretion when it found breach of an implied warranty of habitability without basis in law or fact?

4. Did the trial court err and abuse its discretion by awarding the trial demolition and replacement cost when the evidence did not establish that demolition and replacement was required?

5. Did the trial court err and abuse its discretion by awarding attorney's fees, in absence of a recognized exception to the American Rule?

Appellants' Brief at 2 (extraneous capitalization omitted).

Preliminarily, we consider the procedural posture of the case *sub judice* as it impacts our jurisdiction in this matter. **Jenkins v. Robertson**, 277 A.3d 1196, 1198 (Pa. Super. 2022) (stating, "this Court may raise the issue of its jurisdiction *sua sponte*"). It is well-settled that an appeal may only be taken upon entry of judgment because the order entering a verdict in favor of one party is not a final order. **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*) (stating, entry of judgment is a prerequisite to exercise of this Court's jurisdiction); **see also Reuter v. Citizens & Northern Bank**, 599 A.2d 673, 676 (Pa. Super. 1991) (stating, a "verdict in a non-jury trial is not appealable until the entry of judgment on the verdict"). "In the absence of an entry of judgment, there is no authority for this Court to review the merits of an appeal." **Ryan v. GAF Corp.**, 665 A.2d 843, 844 (Pa. Super. 1995) (citation omitted). Where there has been no entry of judgment, upon appeal, this Court may quash the appeal

or remand the matter to the trial court for entry of judgment. *Id.* (citations omitted).

Pursuant to Pennsylvania Rule of Civil Procedure 236, a prothonotary is required to immediately give written notice of the entry of an order setting forth the verdict in a non-jury trial to each party's attorney of record or, if unrepresented, to each party. Pa.R.Civ.P. 236(a)(2); *see also Carr v. Michuck*, 234 A.3d 797, 805 (Pa. Super. 2020). The prothonotary is further required to note on the docket the giving of notice. Pa.R.Civ.P. 236(b); *see also Carr*, 234 A.3d at 805. Upon notice of the entry of such an order, a party has 10 days in which to file a motion for post-trial relief.[3] Pa.R.Civ.P. 227.1(c)(2).

For entry of judgment upon a verdict in a non-jury trial to occur, either the trial court must order the entry of judgment, or a party must file a *praecipe* for entry of judgment. *See Progressive Home Fed. Sav. and Loan Ass'n v. Kocak*, 518 A.2d 808, 809 (Pa. Super. 1986) (stating that, if a trial court orders the entry of judgment, the filing of a *praecipe* for entry of judgment is unnecessary), *appeal denied*, 531 A.2d 781 (Pa. 1987); *see also* Pa.R.Civ.P. 227.4(2) (stating that, a prothonotary shall enter judgment upon *praecipe* of a party if the trial court does not itself enter judgment or order the prothonotary to do so). In either case, whether pursuant to an order of court

---

[3] A motion for post-trial relief replaces, *inter alia*, a motion for JNOV. Pa.R.Civ.P. 227.1(a), *Note*.

or upon *praecipe* of a party, a prothonotary may not enter judgment on the record until the expiration of the 10-day period in which to file a motion for post-trial relief. **See Jenkins**, 277 A.3d at 1198 (stating that, entry of judgment before the expiration of the 10-day period in which to file a motion for post-trial relief is premature); **see also** Pa.R.Civ.P. 227.4(1)(a) (stating that, upon *praecipe* of a party, a prothonotary may enter judgment **if** no timely post-trial motion is filed).[4]  If a judgment is entered before the expiration of the 10-day period, the judgment is void and of no legal effect. **Jenkins**, 277 A.3d at 1198; **see also Moore v. Quigley**, 168 A.2d 334, 336 (Pa. 1961) (stating, "judgment, having been entered before the time for filing a [motion for post-trial relief] expired, is void and of no legal effect").

In the case *sub judice*, the trial court in its June 29, 2021 order entered a verdict, awarding judgment in favor of Hosler in the amount of $49,879.87, and directed the prothonotary to enter judgment in favor of Hosler and against Appellants.  Trial Court Order, 6/21/21.  A review of the trial court docket reveals that the verdict was entered on June 29, 2021, and the prothonotary noted, the same day, that notice of the entry of the verdict was provided to the parties pursuant to Rule 236.  **See** Trial Court Docket, at 6/29/21 entry. The trial court docket entry further reveals that the prothonotary

_____

[4] Pennsylvania Rule of Civil Procedure 227.4(1)(b) permits a prothonotary to enter judgment upon *praecipe* of a party when a timely motion for post-trial relief has been filed **and** the trial court has not entered an order disposing of the motion within 120 days after the motion's filing.  Pa.R.Civ.P. 227.4(1)(b).

simultaneously entered judgment in favor of Hosler and against Appellants on June 29, 2021. *Id.* (stating, "Judgment entered against [Appellants] in the amount of $49,879.87." (extraneous capitalization omitted)). On July 9, 2021, Appellants filed a timely motion for post-trial relief. The trial court denied Appellants' motion on December 2, 2021.

The entry of judgment on June 29, 2021, was premature because the judgment was entered before the expiration of the 10-day period in which to file a motion for post-trial relief. *Jenkins*, 277 A.3d at 1198. As such, the June 29, 2021 entry of judgment is void and of no legal effect. *Id.* The record further demonstrates that neither party filed a *praecipe* for entry of judgment, and judgment was never entered by the prothonotary after the December 2, 2021 denial of Appellants' motion for post-trial relief. Because judgment was never entered outside the 10-day period in which to file a timely post-trial motion, this Court is without jurisdiction to address the merits of Appellants' issues. *Ryan*, 665 A.2d at 844.

We are cognizant, however, that the parties filed appellate briefs and participated in oral argument before this Court. Under these circumstances, and in the interest of judicial economy, we remand this case to the trial court for the entry of judgment.[5] *Id.* The trial court, upon remand, shall

_____

[5] Because the trial court, in its June 29, 2021 order, directed the prothonotary to enter judgment, the filing of a *praecipe* for entry of judgment by a party is not necessary. *Kocak*, 518 A.2d at 809. The prothonotary, upon remand, may immediately enter judgment pursuant to the June 29, 2021 order and provide notice to the parties.

immediately enter judgment and provide notice to the parties pursuant to Rule 236. Thereafter, the certified record shall be returned to this Court within 45 days of the date of this memorandum.[6]

Case remanded. Jurisdiction retained.

---

[6] Once the trial court enters judgment thereby perfecting jurisdiction in this Court, Appellants' notice of appeal will be deemed filed as of the date judgment is entered. **See** Pa.R.A.P. 905(a)(5) (stating, "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). The parties do not need to file additional briefs with this Court.