J-A12025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BOCHETTO AND LENTZ, P.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANNE RIVERS A/K/A ANNE MARY | : | |
| RIVERS AND JAKE SUDDERTH A/K/A | : | |
| R. JAKE SUDDERTH | : | |
| | : | |
| Appellants | : | No. 2434 EDA 2023 |

Appeal from the Judgment Entered August 17, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  190403606

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED SEPTEMBER 30, 2024**

Appellants, Anne Rivers a/k/a/ Anne Mary Rivers and Jake Sudderth a/k/a R. Jake Sudderth, appeal from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, Bochetto and Lentz, P.C. ("Law Firm") in this breach of contract action.  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 24, 2019, Law Firm filed a complaint against Appellants alleging breach of contract and unjust enrichment.  The complaint alleged that Law Firm provided legal services for Appellants and Appellants owed $157,851.00 in unpaid legal fees pursuant to the fee agreement executed by the parties.  For

_____

[*] Former Justice specially assigned to the Superior Court.

its breach of contract claim, Law Firm claimed damages "in excess of $157,851" and specified that it sought an "award of costs, expenses and reasonable attorneys' fees incurred by [Law Firm] in this [collection] action." (Complaint, filed 4/24/19, at 10).

On January 17, 2023, a jury trial commenced. Attorney George Bochetto testified that in October of 2016, Law Firm agreed to represent Appellants in two cases involving their former business partner and landlord. Over the course of their representation, Law Firm began to represent Appellants in three other cases, resulting in Law Firm representing Appellants in a total of five separate cases. Attorney Bochetto testified that in October of 2018, Law Firm notified Appellants that it was terminating its representation of Appellants due to unpaid legal fees and withdrew as counsel of record from all five of Appellants' legal proceedings.

Attorney Bochetto further testified that the parties had executed a fee agreement at the commencement of their professional relationship. The fee agreement set forth the rate of legal fees and the additional costs that Appellants would be responsible for during the representation. The fee agreement expressly stated:

> We expect our invoices to be paid upon presentation. We reserve the right to withdraw from the representation for failure to promptly pay our invoices or for other just cause.
>
> If any of our fees or costs are unpaid, and we take any action to collect the same, we shall be entitled to reimbursement at our regular rates of all attorneys fees and costs incurred in effecting such collection, even if we do the work

ourselves.

(Trial Exhibit P-18, submitted 1/17/23, at 3). The signed fee agreement was published to the jury and admitted into evidence. Additionally, Attorney Bochetto read the provision entitling Law Firm to attorney's fees for collection efforts to the jury and testified that Law Firm was entitled to fees associated with the instant action.

Law Firm also presented invoices and billing summaries that showed a balance of $157,853.08 of unpaid legal fees associated with the work that Law Firm did for Appellants during the course of its representation. These documents were published to the jury and admitted into evidence. During cross-examination of Attorney Bochetto, Appellants introduced an additional invoice created by Law Firm that was dated July 22, 2022, and titled "Rivers/Sudderth Collections." Attorney Bochetto clarified that he would not characterize the invoice as a "bill" because it was never sent to Appellants for collection. Nevertheless, he confirmed that the document contained an itemized list of all costs associated with Law Firm's collection efforts to recover the unpaid legal fees from Appellants. The balance of those costs as of July 22, 2022 was $100,015.88. Attorney Bochetto further stated that although the invoice had not yet been billed to Appellants, pursuant to the fee agreement, Appellants are responsible for the fees contained in the collections invoice. This document was also published to the jury and admitted into evidence as Exhibit P-55/D-41.

During the charging conference, Law Firm withdrew its unjust enrichment claim against Appellants. As a result, the jury was not instructed on unjust enrichment and that claim was not included on the verdict sheet. On January 20, 2023, the jury returned a unanimous verdict in favor of Law Firm for breach of contract and awarded Law Firm $257,868.96 in damages. On January 27, 2023, Appellants timely filed a post-trial motion requesting that the court enter judgment notwithstanding the verdict ("JNOV") in Appellants' favor or, in the alternative, grant Appellants a new trial on damages because the jury's award was excessive and contrary to the evidence. Appellants' post-trial motion was denied by operation of law on May 30, 2023.[1] On August 17, 2023, Law Firm filed a *praecipe* to enter judgment on the verdict and judgment was entered.[2] Appellants timely filed a notice of

_____

[1] The court scheduled and conducted oral argument on Appellants' post-trial motion on June 12, 2023. The court did not rule on the merits of the motion following the oral argument. However, 120 days had lapsed on May 30, 2023, and, therefore, Appellants' post-trial motion was denied by operation of law on that date pursuant to Pa.R.C.P. 227.4(1)(b).

[2] Although trial was held from January 17, 2023 to January 20, 2023, the jury's verdict was not entered on the trial court docket until August 8, 2023. Judgment was entered on August 17, 2023, before 10 days had passed from the docketing of the jury's verdict. **See Jenkins v. Robertson**, 277 A.3d 1196 (Pa.Super. 2022) (stating that entry of judgment before expiration of 10-day period in which to file post-trial motion is premature; if judgment is entered before expiration of 10-day period, judgment is void and of no legal effect). As the docketing of the verdict on August 8, 2023 was clearly erroneous, this Court entered an order directing the trial court to correct the date of entry of the jury's verdict on the trial court docket. On February 8, 2024, the trial court corrected the docket to reflect that the date of the jury
*(Footnote Continued Next Page)*

- 4 -

appeal on September 15, 2023. On September 18, 2023, the court ordered

Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained

of on appeal, and Appellants complied on October 6, 2023.

Appellants raise the following issues for our review:

> Whether the judgment against [Appellants] should be reversed because it included amounts not permitted pursuant to the contract between [Law Firm] and [Appellants]?
>
> Whether the trial court erred by not entering judgment in favor of [Appellants] notwithstanding the verdict because the jury's verdict was so contrary to the evidence admitted at trial?
>
> Whether the trial court erred by not granting a new trial on damages because the jury's verdict of $257,000.00 was excessive and contrary to the evidence admitted at trial?

(Appellants' Brief at 4-5).[3]

In their issues combined, Appellants argue that Law Firm only pled that

it was owed $157,000.00 in unpaid legal fees for services rendered.

Appellants assert that Attorney Bochetto testified that Law Firm had not billed

Appellants for the collections bill totaling $100,015.88. Appellants claim that

"the jury's verdict is so contrary to the evidence because it awarded [Law

_____

verdict was January 20, 2023, and that Appellants' post-trial motion was denied by operation of law on May 30, 2023.

[3] In Appellants' brief, the questions presented section includes several other issues. However, Appellants indicate in their suggested answer for those issues that they will not be addressing those issues in their brief and appear to have abandoned them on appeal. As such, we do not reproduce or address these additional and abandoned issues.

Firm] $100,000.00 in excess of what [Law Firm] pleaded it was owed." (**Id.** at 19). Appellants contend that no reasonable minds could disagree that the jury should not have included the $100,015.88 in collection fees in the jury's verdict when Law Firm did not plead that amount was owed. Appellants maintain that they are entitled to JNOV or a new trial on damages. Appellants conclude that the trial court erred in denying their post-trial motion by operation of law, and this Court should vacate the judgment and remand for a new trial on damages. We disagree.

Our standard and scope of review are as follows:

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner. Our standard[s] of review when considering motions for a directed verdict and [JNOV] are identical. We will reverse a trial court's grant or denial of a [JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case.
>
> Further, the standard of review for an appellate court is the same as that for a trial court. There are two bases upon which a [JNOV] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

**Reott v. Asia Trend, Inc.**, 7 A.3d 830, 835 (Pa.Super. 2010), *aff'd*, 618 Pa. 228, 55 A.3d 1088 (2012) (*quoting* **Campisi v. Acme Markets, Inc.**, 915

A.2d 117, 119 (Pa.Super. 2006)).

Additionally, "[t]he grant or refusal of a new trial because of the excessiveness of the verdict is within the discretion of the trial court. This court will not find a verdict excessive unless it is so grossly excessive as to shock our sense of justice." *Whitaker v. Frankford Hosp. of City of Philadelphia*, 984 A.2d 512, 523 (Pa.Super. 2009) (citation omitted). "The general rule in this Commonwealth is that the plaintiff bears the burden of proof as to damages." *Omicron Systems., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa.Super. 2004) (citation omitted). "[A] verdict that is against the weight of the evidence is a verdict that shocks the conscience of the trial court in light of the evidence presented. When this occurs, the trial court should— if a party timely raises the issue in post-trial motions—order a new trial." *Avery v. Cercone*, 225 A.3d 873, 877 (Pa.Super. 2019).

"[L]arge verdicts are not necessarily excessive verdicts. Each case is unique and dependent on its own special circumstances and a court should apply only those factors which it finds to be relevant in determining whether or not the verdict is excessive." *Whitaker, supra* at 523 (citation omitted). Further:

> The determination of damages is a factual question to be decided by the fact-finder. The fact-finder must assess the testimony, by weighing the evidence and determining its credibility, and by accepting or rejecting the estimates of the damages given by the witnesses.
>
> Although the fact-finder may not render a verdict based on sheer conjecture or guesswork, it may use a measure of

speculation in estimating damages. The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable, inferential, as well as direct and positive proof.

***Omicron Systems, Inc., supra*** at 564-65 (citation omitted).

Instantly, Appellants' brief entirely fails to explain why Appellants are entitled to JNOV. Appellants do not present any argument to demonstrate that they are entitled to judgment as a matter of law or that the evidence was such that no reasonable minds could disagree that the verdict on Law Firm's breach of contract claim should have been rendered in Appellants' favor. ***See Reott, supra.*** Rather, Appellants' argument focuses solely on the amount of damages. As such, Appellants have waived their JNOV claim. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 998 (2014) (explaining arguments that are not appropriately developed on appeal are waived).

Regarding Appellants' claim that they are entitled to a new trial on damages, we do not agree that the jury's award of damages is against the weight of the evidence. At trial, Law Firm presented the jury with the fee agreement which unequivocally states that Law Firm is entitled to reimbursement, at its regular rates, of all attorney's fees and costs incurred to collect unpaid legal fees. Law Firm further presented invoices and billing summaries that showed a total balance of $157,853.08 of Appellants' unpaid legal fees. Further, the jury was presented with an invoice totaling $100,015.88, which set forth the fees and costs Law Firm incurred in its efforts

to collect Appellants' unpaid legal fees. The jury awarded $257,868.96 in damages, which is exactly the total of the invoices of unpaid legal fees and collection fees combined. As such, the jury's award of damages was not speculative or unsupported by the evidence. Rather, the precise amount awarded demonstrates that the jury carefully considered the evidence, including the terms of the fee agreement and the invoices submitted into evidence. *See Omicron Systems, Inc., supra*.

Further, the record belies Appellants' claim that Law Firm only pled and claimed $157,000.00 in damages for its breach of contract claim. In its complaint, Law Firm requested damages **in excess of** $157,851.00 for its breach of contract count and specifically claimed that it was entitled to fees and costs associated with the instant collection action. Although Attorney Bochetto testified at trial that Law Firm had not billed Appellants for the collections amount, he further stated that Law Firm was entitled to recover the collections amount from Appellants pursuant to the fee agreement.[4] On this record, we cannot say that Law Firm failed to claim any amount above $157,000.00 in damages, including fees and costs for its collection efforts.[5]

_____

[4] There are no provisions in the fee agreement which indicate that Law Firm forfeits its right to reimbursement of collection fees and costs if it fails to bill Appellants for the balance.

[5] Although Appellants' post-trial motion was denied by operation of law, the trial court, in its Pa.R.A.P. 1925(a) opinion, now agrees with Appellants that they are entitled to a new trial on damages. In support, the trial court states:
*(Footnote Continued Next Page)*

As such, we see no grounds to disturb the jury's assessment of the damages or remand for a new trial on damages. *Compare Omicron Systems, Inc., supra* (vacating award of attorney's fees where appellee did not demand attorney's fees in complaint even though contract between parties permitted appellee to request attorney's fees). Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2024

_____

> [Law Firm] pleaded that it was owed $157,000.00 in unpaid legal fees for previous services rendered. At trial, the invoices for these past legal services were presented to the jury as [Law Firm]'s damages. In addition, [Law Firm] presented to the jury the amount of collections which it admittedly did not bill, and which were not sent to [Appellants], which amounted to $100,015.88. As a result, the jury awarded [Law Firm] in the amount of $257,868.96, far more than the amount [Law Firm] requested under the parties' written contract for legal services. Therefore, the compensatory award is excessive, [and Appellants] are entitled to a new trial on damages.

(Trial Court Opinion, filed 12/20/23, at 2-3) (footnotes omitted). For the reasons already stated herein, the record does not support the court's conclusion.