J-S43012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH CITTADINI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LYNN THUY NGUYEN | : | |
| | : | |
| Appellant | : | No. 3121 EDA 2024 |

Appeal from the Judgment Entered November 13, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230301834

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 30, 2026**

In this contract case, Lynn Thuy Nguyen appeals from the judgment of $26,500 entered in favor of the Plaintiff, Joseph Cittadini, following a bench trial. Because Ms. Nguyen neglected to preserve her appellate issues for our review, we affirm.

Ms. Nguyen owned a nail salon, for which she rented commercial space in a building belonging to Jerry and Stanislawa Radecki. *See* Cittadini's Ex. C at 1. In 2022, Ms. Nguyen decided to buy the building from her landlords. However, they often argued. So, Ms. Nguyen's then-boyfriend, Jose Valentin, introduced her to Mr. Cittadini and suggested she hire him to broker the deal. *See* N.T., 9/23/24, at 51. Mr. Cittadini "had some investment real-estate properties" but was not a real-estate agent. *Id.* at 35.

On October 13, 2022, Ms. Nguyen agreed to have Mr. Cittadini negotiate the purchase price and get her a loan to cover most of the cost. *See* Cittadini's Ex. B at 1. In exchange, Ms. Nguyen agreed to pay him $25,000. The contract

contained a fees-and-cost-shifting provision: "We agree that if any action is commenced . . . to enforce any of the provisions of this Agreement, the prevailing party in such an action shall be entitled . . . to . . . costs incurred by the prevailing party." *Id.* at 2. Ms. Nguyen and Mr. Cittadini signed the contract. *See id.* at 3.

Mr. Cittadini negotiated directly with the Radeckis' real-estate agent and negotiated them down from $600,000 to $500,000. *See id.* at 57, 66; *see also* Cittadini's Ex. C at 2. Additionally, Mr. Cittadini advised Ms. Nguyen not to buy the property, "because it was overpriced." N.T., 9/23/24, at 66. She chose to buy it anyway.

He found financing for Ms. Nguyen's purchase through American Federal Consulting, Inc. *See id.* at 16-17. Ms. Nguyen was "very happy" with Mr. Cittadini's work "especially when they approved her [for] the loan," because she could not obtain a loan on her own due to her financial situation. *Id.* at 65.

At the closing, Ms. Nguyen brought $200,000 in cash. She paid the remaining $300,000 of the purchase price with the loan through American Federal Consulting, secured by a mortgage on the property. *See id.* at 76-77. Despite Mr. Cittadini having fully performed his obligations under the contract, Ms. Nguyen refused to pay him for his services. *See id.* at 67, 87.

Mr. Cittadini filed a *pro se* complaint against Ms. Nguyen for breaching the October 13, 2022 contract. Attorney Johnathan J. Sobel, Esq. entered his appearance for Ms. Nguyen.

She filed an answer and new matter, which was a string of boilerplate defenses. Many of them were irrelevant to a breach-of-contract action. **_See_** Nguyen's Answer & New Matter at 2-4. Mr. Cittadini did not reply to the new matter. Thereafter, the docket sat dormant for several months, and the case went before a panel of arbitrators. They ruled in favor of Ms. Nguyen, and Mr. Cittadini appealed.

Next, on March 13, 2024, Attorney Sobel moved to withdraw as defense counsel. He cited "differences in the direction of the case and the ability to communicate," as well as Ms. Nguyen's refusal to fulfill "a financial component . . . ." Sobel's Motion to Withdraw as Counsel at 1-2. The trial court granted his motion.

Ms. Nguyen did not hire replacement counsel. Furthermore, she never moved for judgment on the pleadings or summary judgment.

On September 23, 2024, the court held a non-jury trial. Because Mr. Cittadini and Ms. Nguyen were both appearing _pro se_, it swore them in and let them testify in the narrative. **_See_** N.T., 9/23/24, at 8-14. The court also extensively interrogated the parties and witnesses without objection.

Mr. Cittadini called two witnesses in his case-in-chief: Ed Amon (owner of American Federal Consulting) and Mr. Valentin. They testified to the above facts. At the close of Mr. Cittadini's case-in-chief, Ms. Nguyen did not move for compulsory non-suit. **_See id._** at 94-95.

Instead, she offered her version of events. Also, Ms. Nguyen accused Messrs. Cittadini, Amon, and Valentin of perjuring themselves and forging her

signature on the contract. This prompted the trial court to demand her driver's license, which the court admitted into evidence as Exhibit D. ***See id.*** at 99-100. The court then asked Ms. Nguyen, "Is there anything else you want to present to me about your case to let me know that you're a winner?" ***Id.*** at 102. Ms. Nguyen did not move for a directed verdict or request conclusions of law. ***See id.*** at 102-04.

The trial court then made its findings of fact from the bench. Based on Ms. Nguyen's signature on her driver's license and testimony of Mr. Cittadini's witnesses, the trial court found that Ms. Nguyen signed the October 13, 2023 contract. The court also ruled that Ms. Nguyen was incredible and dismissed her testimony as false. The trial court found that Messrs. Cittadini, Amon, and Valentin credibly testified. It accepted all of their testimony and evidence. Therefore, the court entered a non-jury decision in favor of Mr. Cittadini for the full value of the contract – $25,000. ***See id.*** at 108-09.

Next, the trial court *sua sponte* raised and reviewed the fees-and-cost-shifting provision of the contract. The court asked, "Mr. Cittadini, what was your court cost involved in this case?" ***Id.*** at 109.

He replied, "I don't have it all written down. I'm sorry, Your Honor. I'm sorry. It was so long ago." ***Id.*** The court asked him to estimate his costs, and Mr. Cittadini said, "About $1,500." ***Id.***

"With regard to costs, the court awards $1,500 in costs to Mr. Cittadini for a total . . . of $26,500 plus interest." ***Id.*** at 110.

Ms. Nguyen did not object to the court's *sua sponte* imposition of costs, nor did she assert that the Local Rules of Civil Procedure required Mr. Cittadini to present a bill of costs. **See id.** Instead, she said, "No, I want to go to the court again. Your Honor, I need to appeal this decision. How do I do that?" **Id.**

The court answered, "Hire a lawyer," and entered an order imposing the above award. **Id.** The order concluded with "Judgment is entered in favor of Plaintiff, Joseph Cittadini, and against Defendant, Lynn Thuy Nguyen." T.C.O., 9/23/24.

Ms. Nguyen rehired Attorney Sobel. On Ms. Nguyen's behalf, he filed a motion for post-trial relief, seeking judgment as a matter of law or a new trial. Therein, Ms. Nguyen candidly acknowledged that "a trial court may only grant such relief if the 'grounds therefor . . . were raised in pre-trial proceedings or by motion, objection, point of charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial.'" Nguyen's Post-Trial Motion at 5-6 (quoting Pa.R.C.P. 227.1(b)(1)).

Despite having done none of those things pre-trial or at trial to preserve any issues, Ms. Nguyen's motion raised issues of Mr. Cittadini's failure to file a reply to her new matter and the sufficiency of Mr. Cittadini's evidence to make a *prima facie* case for breach of contract. Also, Ms. Nguyen contended the non-jury decision was against the weight of the evidence. The trial court denied relief.

On November 13, 2024, Mr. Cittadini praeciped for entry of judgment on the non-jury decision. This timely appeal followed.

Ms. Nguyen raises six claims of error, which we have reordered as follows for ease of disposition:

1. Whether the trial court violated due process by simultaneously entering findings and judgment, potentially precluding [Ms. Nguyen's] ability to file post-trial motions?

2. Whether the trial court erred in denying [Ms. Nguyen's] motion for judgment notwithstanding the verdict, where [Mr. Cittadini] failed to prove the existence of a valid contract?

3. Whether the evidence was insufficient to support contract formation, where [Ms. Nguyen] consistently denied signing any agreement and alleged the purported contract was fraudulent?

4. Whether the trial court erred in awarding damages for unlicensed real estate and financing services, where [Mr. Cittadini] admittedly lacked required professional licensing?

5. Whether the trial court erred in awarding $1,500 in costs without statutory authority or a proper bill of costs?

6. Whether the trial court's credibility determinations were clearly erroneous, where the court wholesale rejected [Ms. Nguyen's] testimony while accepting testimony from biased witnesses?

Nguyen's Brief at 4. We dispose of the first issue; then address the second, third, fourth, and fifth issues together; and finally discuss her sixth issue.

First, Ms. Nguyen asks whether the trial court violated due process in the last sentence to its September 23, 2024 Order: "Judgment is entered in

favor of Plaintiff, Joseph Cittadini, and against Defendant, Lynn Thuy Nguyen." T.C.O., 9/23/24. In Ms. Nguyen's view, this "procedural error *potentially* precluded [her] ability to file post-trial motions, violating her fundamental due process rights." Nguyen's Brief at 13 (emphasis added). Relying on *Jenkins v. Robertson*, 277 A.3d 1196 (Pa. Super. 2022), she contends that the entering of judgment at the same time as the findings of fact "can preclude the non-prevailing party's ability to file appropriate post-trial motions." *Id.*

While that is theoretically true, Ms. Nguyen, in fact, filed post-trial motions within ten days of the non-jury decision, and the trial court denied them. In other words, Ms. Nguyen relies upon a hypothetical harm that the September 23, 2024 Order did not inflict upon her. As explained below, this hypothetical claim of harm is moot.

"An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case . . . ." *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any . . . effect." *Id.*

*Jenkins* involved a trial court order that granted a compulsory non-suit to the defendant, because a *pro se* plaintiff failed to appear. The order also stated that judgment was entered in favor of the defendant. Unlike the procedural posture of the present case, the plaintiff in *Jenkins* appealed from the entered judgment without filing post-trial motions to remove the non-suit.

Rather than hold that the trial court violated the plaintiff's due process rights, we said that the court's premature entry of a judgment was a nullity.

"The judgment, having been entered before the time for filing a new trial motion had expired, is void and of no legal effect." **Id.** at 1198–99 (quoting **Moore v. Quigley**, 168 A.2d 334, 336 (Pa. 1961)).  Therefore, the trial court had yet to enter a final judgment from which an appeal could be taken.  We quashed the appeal as premature.

Here, unlike **Jenkins**, Ms. Nguyen did **not** appeal from the September 23, 2024 Order.  She filed timely post-trial motions.  The trial court entertained those post-trial motions and denied them, notwithstanding the language of the September 23, 2024 Order that judgment had been entered.  Hence, the trial court correctly treated its premature entry of judgment on September 23, 2024 as "void and of no legal effect." **Id.**  Thus, the trial court's September 23, 2024 Order had no impact upon Ms. Nguyen's ability to seek post-trial relief.

After the court denied that relief, Mr. Cittadini praeciped the Department of Court Records of Philadelphia to enter judgment on the non-jury decision.  Ms. Nguyen then timely appealed from the final judgment, and our appellate jurisdiction vested.

Thus, the trial court gave Ms. Nguyen all the post-trial process that was due.  Those post-trial proceedings rendered the drafting of the September 23, 2024 Order harmless error.  Accordingly, there is no relief that we can grant Ms. Nguyen under **Jenkins** – *i.e.*, quashing the appeal as premature to allow her to file post-trial motions.  Doing so would put the parties in the same positions they already occupy and only delay ultimate resolution of this case

by another year or more. Instead, we dismiss Ms. Nguyen's first appellate issue as moot.

Regarding Ms. Nguyen's second, third, fourth, and fifth issues, these claims of error challenge the sufficiency of Mr. Cittadini's evidence to prove his *prima facie* case for breach of contract and court costs. In all four issues, Ms. Nguyen seeks judgment notwithstanding the verdict, *i.e.*, judgment as a matter of law.

As mentioned above, Ms. Nguyen never sought judgment as a matter of law pretrial or at trial. Moreover, she did not object to the trial court raising the fee-and-cost-shifting provision in the contract *sua sponte* or Mr. Cittadini's lack of a bill of costs at trial. Thus, her neglect implicates waiver of all four issues.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hospital of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

As Ms. Nguyen correctly stated in her motion for post-trial relief, we "may only grant such relief if the 'grounds therefor . . . were raised in pre-trial proceedings or by motion, objection, point of charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial.'" Nguyen's Post-Trial Motion at 5-6 (quoting Pa.R.C.P. 227.1(b)(1)). "Under subdivision (b)(1), if no objection is made, error which could have been corrected in pre-trial proceedings, *i.e.*, a ground for a new trial or a judgment notwithstanding the verdict, or during trial by timely objection, may

not constitute a ground for post-trial relief." Pa.R.C.P. 227.1(b)(1) *Comment*. "It must be raised timely in pre-trial proceedings or during the trial, thus affording the [trial] court the opportunity to correct the error." ***Id.***

Pretrial, Ms. Nguyen did not move for judgment on the pleadings or summary judgment. Moreover, at trial, she neglected to move for a non-suit at the close of Ms. Cittadini's case-in-chief or a directed verdict at the close of all the evidence. In addition, she never requested conclusions of law at the end of the trial. Finally, she interposed no objection to the trial court's decision to award costs at trial in addition to the contractual damages.

Hence, Ms. Nguyen sought judgment as a matter of law for the first time in her post-trial motions, even though the alleged grounds for such a judgment would have been present at trial – *i.e.*, that Mr. Cittadini allegedly failed to make his *prima facie* case for breach of contract.[1] Furthermore, she did not even include the imposition of $1,500 in court costs in her post-trial motion. Accordingly, we dismiss Ms. Nguyen's second, third, fourth, and fifth appellate issues as waived.

_____

[1] We note that Ms. Nguyen elected not to pay Attorney Sobel after he won the mandatory arbitration for her and decided to try the non-jury trial *pro se*. This may have been penny wise but pound foolish on her part, because Ms. Nguyen "is not entitled to any particular advantage because [she] lacks legal training. As [the Supreme Court of Pennsylvania] has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." ***Satiro v. Maninno***, 237 A.3d 1145, 1151 (Pa. Super. 2020).

Finally, Ms. Nguyen challenges the trial court's credibility determinations on appeal. She contends that the trial court's rejection of her testimony "suggests impermissible bias rather than careful credibility assessment." Nguyen's Brief at 21. Again, we find waiver by Ms. Nguyen.[2]

As the Supreme Court has made abundantly clear, "Pa.R.C.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enters., Inc.*, 710 A.2d 55 (Pa. 1998).

In addition, "any issue not properly included in [an appellant's Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(4)(vii). "[T]o preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.*

In her post-trial motion and 1925(b) statement, Ms. Nguyen challenged the weight of the evidence. In neither filing, did she challenge the trial court's credibility determinations that (1) her testimony was entirely false and (2) Mr. Cittadini and his witnesses testified truthfully was clearly erroneous. Hence, we dismiss her sixth and final appellate issue as waived.

Judgment affirmed.

_____

[2] We reincorporate our scope and standard of review here by reference.

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2026